IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JESSE CALLOWAY, IV**  :  <br>    **Plaintiff,**  : <br> : <br> v.  : <br> : <br> **UNITED STATES,** *et al.*,  : <br>    **Defendants.**  : | **CIVIL ACTION NO. 24-CV-5998** |

MEMORANDUM

**MARSTON, J.**                                                                                                                         **November 26, 2024**

*Pro se* Plaintiff Jesse Calloway, IV sued the United States and United States District Judge Nitza I. Quiñones Alejandro based on how Judge Quiñones handled three prior cases filed by Calloway.  Calloway now seeks leave to proceed *in forma pauperis*.  For the reasons below, the Court will grant Calloway *in forma pauperis* status and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

*Lawsuit number one*.  On March 18, 2024, Calloway commenced a civil action seeking a copy of his great-grandmother's death certificate and alleging that an employee of the Pennsylvania Division of Vital Records in Harrisburg violated his rights.  *In re: Calloway*, Civ. A. No. 24-1207 (E.D. Pa.) (Doc. No. 1; Doc. No. 6.)  His Amended Complaint named as Defendants the Department of Health, Division of Vital Records, and its employee, identified as "Lisa L., Manager."  (*Id.*, Doc. No. 6 at 1–2.)  The Amended Complaint alleged a hostile interaction between Calloway and Lisa L. at the Division of Vital Records office in Harrisburg, PA, plus an aggressive subsequent phone call between Calloway and another employee of that

---

[1] The facts set forth in this memorandum are taken from the Complaint.  The Court also takes judicial notice of the docket for the lawsuits underlying Calloway's claims.  *See Buck v. Hampton Twp.*, 452 F.3d 256, 260 (3d Cir. 2006).

office.  (*Id.*, Doc. No. 6 at 3–4.)  On May 1, 2024, the Court transferred the case to the United States District Court for the Middle District of Pennsylvania.  (*Id.,* Doc. No. 10.)  Calloway filed an appeal, which was dismissed for failure to prosecute.  (*Id.*, Doc. No. 11; Doc. No. 12; Doc. No. 13.)  He subsequently filed a second notice of appeal.  (*Id.*, Doc. No. 14.)

*Lawsuit number two*.  On May 30, 2024, Calloway filed another lawsuit in this court, alleging that his rights had been violated during various traffic stops by Temple University police officers.  *Calloway v. Temple University College*, Civ. A. No. 24-2320 (E.D. Pa.).  After filing an application to proceed *in forma pauperis*, the court screened Calloway's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court determined that Calloway had failed to allege plausible constitutional claims, dismissed the Amended Complaint, and granted him leave to file a Second Amended Complaint.  (*Id.*, Doc. No. 7; Doc. No. 8.)  Calloway's Second Amended Complaint (*Id.*, Doc. No. 9; Doc. No. 10.), fared no better than the first.  The Court again dismissed Calloway's § 1983 claims against Temple University and several of its police officers pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Calloway had failed to plead any plausible claims.  (*Id.*, Doc. No. 11; Doc. No. 12.)  He was not given further leave to amend.

*Lawsuit number three*.  On October 2, 2024, Calloway filed yet another lawsuit.  This time, he sued American Express National Bank, CFO Christopher Le Caillec, and American Express Company, and sought leave to proceed *in forma pauperis*.  *Calloway v. American Express National Bank*, Civ. A. No. 24-5332 (E.D. Pa.).  Calloway was granted leave to proceed *in forma pauperis*, and his Complaint was screened pursuant to 28 U.S.C. § 1915(e)(2)(B).  (*Id.*, Doc. No. 4; Doc. No. 5.)  On October 28, 2024, the Court dismissed Calloway's Complaint with prejudice.  (*Id.*, Doc. No. 4 at 7.)  The Court found Calloway's Complaint suffered from several flaws.  First, the Complaint showed that Calloway had repeatedly contacted American Express

seeking credit based on the misunderstanding that he had a right to an "unlimited, open ended credit card." (*Id.*, Doc. No. 4 at 4.) Next, his pleading included sovereign citizen verbiage of the ilk that has been deemed frivolous by numerous courts. (*Id.*, Doc. No. 4 at 4–5.) Then, the Court rejected Calloway's reliance upon Section 29 of the Federal Reserve Act as a basis for damages because there is no private right of action provided by that statutory provision. (*Id.*, Doc. No. 4 at 5–6.) Last, the Court found that Calloway had failed to allege a plausible claim under the Fair Credit Reporting Act. (*Id.*, Doc. No. 4 at 6–7.) Thus, the Complaint was dismissed with prejudice, and Calloway was not given leave to amend because amendment would have been futile. (*Id.*, Doc. No. 4 at 7.)

*Lawsuit number four*. That brings us to this case. In this civil action, Calloway sued the United States and United States District Judge Nitza I. Quiñones Alejandro and seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) Calloway alleges that he is a "living man" who seeks redress from the United States for various oppressive practices committed against Calloway and his ancestors in violation of his constitutional rights. (*See generally* Doc. No. 2.) He also takes issue with the various rulings made by Judge Quiñones in his prior civil actions and attempts to relitigate such matters. (*See id.* at 8–10.)[2] Calloway seeks various forms of relief, including $9 billion in damages in "new currency," the return of land seized from his ancestors, diplomatic immunity for those descended from enslaved individuals, as well as the creation of a special passport for descendants of enslaved individuals. (*See id.* at 14–15.)

---

[2] To the extent Calloway raises allegations against Philadelphia Police Department officers, (*see* Doc. No. 2 at 10–11), such allegations do not present a claim against the named Defendants, and therefore, is not plausible under 28 U.S.C. § 1915(e)(2)(B)(ii).

3

## II. STANDARD OF REVIEW

The Court grants Calloway leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. 28 U.S.C. § 1915(e)(2)(B)(ii) thus applies, and it requires the Court to dismiss the Complaint if the Complaint fails to state a claim. To evaluate whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Thus, the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

In addition, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327–28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Calloway is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

### III.     DISCUSSION

In his Complaint, Calloway sued the United States and United States District Judge Nitza I. Quiñones Alejandro.  As explained below, the Court cannot discern a plausible claim against either Defendant.

At the outset, the Court notes that Calloway's Complaint is rambling and replete with sovereign citizen verbiage.  Courts have often characterized such allegations as invoking "alchemistic, archaic, and irrelevant formalism, [that is] unlikely to bring [a plaintiff] relief in any court of law."  *Coppedge v. SLS LLC*, 2024 WL 511037, at *1 n.5 (3d Cir. Feb. 9, 2024) (*per curiam*); *United States v. Taylor*, 21 F.4th 94, 101 n.6 (3d Cir. 2021) (noting that sovereign citizens "generally believe that they are neither subject to federal law nor federal courts' jurisdiction" and that their claims "of course, lack merit"); *Blinke v. Sweeney*, No. 23-01259, 2023 WL 8361795, at *2 (M.D. Pa. Nov. 9, 2023), *report and recommendation adopted*, 2023 WL 8359908 (M.D. Pa. Dec. 1, 2023) (explaining that "sovereign citizen or straw man arguments have been widely rejected as frivolous by federal and state courts" (internal quotations omitted)); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars" (internal quotations omitted)).  Indeed, "[c]ourts confronted with sovereign citizens' legal theories summarily reject them as frivolous."  *See*

*Geiger v. Conroy*, No. 22-2458, 2023 WL 2577233, at *1 n.1 (E.D. Pa. Mar. 20, 2023) (internal quotations and alteration omitted).

Next, having reviewed the Complaint in its entirety, the Court can discern no basis for a plausible claim against either Defendant. Calloway takes issue with Judge Quiñones's rulings in his prior cases. Yet "[t]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts." *Smith v. Meyers*, 843 F. Supp. 2d 499, 505 (D. Del. 2012). So, to the extent he seeks review of Judge Quiñones's dismissal of his claims, Calloway should have filed a notice of appeal, not a separate suit. *See Carter v. All Dist. Fed. Judges*, 415 F. App'x 363, 365 (3d Cir. 2011) (*per curiam*) ("To the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action.").

The claims against Judge Quiñones fail on immunity grounds too. Judges are absolutely immune from civil rights claims that are based on acts or omissions taken in their judicial capacity so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Because Calloway's claims are based on Judge Quiñones's handling of Calloway's three prior cases, Judge Quiñones is entitled to absolute judicial immunity. *See Martinez v. United States*, 838 F. App'x 662, 664 (3d Cir. 2020) (*per curiam*) ("We have suggested that federal judges may be immune to claims for injunctive relief, and, in any event, the prior judicial decisions that Martinez complains about either were or could have been the subject of appellate review."

(internal quotations omitted)); *Soto v. Sleet*, 458 F. App'x 89, 90 (3d Cir. 2012) (*per curiam*) (finding that the district court properly dismissed claims by a *pro se* litigant brought against a federal district judge as legally frivolous on the basis of judicial immunity where the judge acted in the course of ruling on a motion).

Last, Calloway asserts constitutional claims against the United States for money damages, but his claims fail on immunity grounds as well. "[T]he United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. v. Kirtz*, 601 U.S. 42, 48 (2024). Congress may choose to waive that immunity. *Id.* "Absent a waiver, [however,] sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because the United States has not waived sovereign immunity for civil rights actions, Calloway's claims for monetary damages are barred by sovereign immunity. *See Ellerbe v. U.S. Dist. Ct. for E. Dist. of Pennsylvania*, No. 22-4250, 2022 WL 17177481, at *3 n.3 (E.D. Pa. Nov. 23, 2022) (citing *Alasevich v. U.S. Air Force Reserve*, No. 95-2572, 1997 WL 152816, at *1 (E.D. Pa. Mar. 26, 1997) ("There is notably no sovereign immunity waiver for claims of constitutional violations or claims brought under § 1983.")).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Calloway leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). As the Complaint is frivolous and amendment would be futile, Calloway will not be given leave to amend. The Court warns Calloway that if he continues to file repetitive and frivolous complaints, he could be subjected to an order that limits his ability to file cases in this Court. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990) ("When a district court

is confronted with a pattern of conduct from which it can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, we believe it is entitled to resort to its power of injunction[.]"). An appropriate order follows.